```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
VICKI M. AKEN,

                            Plaintiff,              07-CV-6253

                v.                              **DECISION**
                                                              **and ORDER**

XEROX CORPORATION,

                            Defendant.
_____

**INTRODUCTION**

Plaintiff Vicki M. Aken ("Aken") brings this action against Defendant Xerox Corporation ("Xerox"), its former employer, seeking recovery of disputed pension benefits. Specifically, Aken alleges that she sustained losses with respect to retirement benefits allegedly due to her under Xerox's Retirement Income Guarantee Plan. Aken states that she relied upon the alleged misrepresentation by Xerox of benefits available to her because of her participation in Xerox's Voluntary Reduction in Force.

On April 16, 2007, Aken filed her complaint in the Supreme Court of New York, County of Monroe under a state law theory of negligent misrepresentation. On May 16, 2007, Xerox filed a notice of removal stating that Aken's complaint related to an employee benefit plan which was within the scope of the Employee Retirement Income Security Act ("ERISA"), and was therefore, a federal

question to be decided in the Federal Court system.[1] In response to Xerox's notice of removal, Aken brought a motion to remand on June 6, 2007, arguing that her claim is founded solely on New York state law, and therefore, deprives this Court of subject matter jurisdiction. For the reasons set forth below, I hereby deny Aken's motion to remand for lack of subject matter jurisdiction.

## BACKGROUND

Aken was a salaried employee at Xerox for a total of 32 years and was eligible for Xerox's Retirement Income Guarantee Plan ("RIGP"). On October 24, 2005, Xerox announced a Voluntary Reduction in Force for eligible, active salaried employees. After visiting a Hewitt Resources website on November 14, 2005, Aken claims that she determined that she would be entitled to a projected pension benefit under the RIGP of $296,536.21. Further, on or about November 17, 2005, Aken received a Pension Calculated Statement which provided an estimate of $300,044.49 as Aken's pension benefits should she wish to participate in the Voluntary Reduction in Force.

On November 30, 2005, Aken requested to participate in the Voluntary Reduction in Force and the request was approved two weeks later. Aken allegedly stopped working for Xerox around January 27, 2006. On September 9, 2006, Xerox sent Aken a Pension Disclosure

---

[1] Aken discusses the amount in controversy requirement of diversity jurisdiction, however, this claim is based on a federal question and Xerox has not asserted the existence of diversity jurisdiction in this case.

Notice estimating her pension benefit to be $242,401.05.

On October 18, 2006, Aken filed a written claim with Arlyn B. Kaster ("Kaster"), Xerox's Pension and Life Insurance Programs' manager, regarding the amount of the pension benefit from the RIGP. Kaster affirmed that Aken was receiving the correct amount and denied Aken any additional benefits. Kaster notified Aken of her right to appeal the denial of additional benefits, and her right to bring a civil action under ERISA. Aken appealed the denial of her claim to Lawrence Becker ("Becker"), Xerox's Pension and Life Insurance Programs' plan administrator, and Becker affirmed Kaster's decision on January 29, 2006. Becker also notified Aken of her right to bring a civil action under ERISA.

## DISCUSSION

### I. Aken's Motion to Remand

"[F]ederal Courts are courts of limited jurisdiction" Delaware v. Van Arsdall, 475 U.S. 673, 692 (1986), and under the realm of subject matter jurisdiction, the Federal Courts have two types of jurisdictions authorized by Congress and the Constitution: federal question jurisdiction and diversity jurisdiction. Under federal question jurisdiction, Federal Courts are authorized to hear disputes that arise pursuant to a federal law. 28 U.S.C. § 1331. Under diversity jurisdiction, Federal Courts are authorized to hear disputes between citizens of different states, provided the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

A defendant can remove a civil action brought in State Court to a Federal District Court if the District Court has original jurisdiction. 28 U.S.C. § 1441(a). Once a case is removed to Federal Court, a plaintiff can seek to remand the case back to state court arguing lack of subject matter jurisdiction.

## II. **Removal to Federal Court is proper and Aken's state law claim is pre-empted by ERISA**.

Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal Courts. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). "Because its purpose is to provide a uniform regulatory regime, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation is exclusively a federal concern." Id. Further, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement scheme conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Id. at 209.

Aken seeks recovery of additional pension benefits due to her, under the terms of the RIGP. I find that Aken's complaint falls within the scope of 29 U.S.C. § 1132(a) ("ERISA § 1132(a)"), since it relates to an ERISA-regulated plan. ERISA § 1132(a) states that a civil action may be brought by a participant or beneficiary, "to

recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Thus, because Aken's claim relates to an ERISA-regulated plan, any recovery she seeks under the RIGP is pre-empted by ERISA.

### III. **The decision in Carr v. TIAA-CREF is on point regarding Aken's RIGP recovery complaint**.

In Carr v. TIAA-CREF, 2006 WL 4070768 (W.D.N.Y. Dec. 18, 2006), the plaintiff brought suit in the Supreme Court of New York, alleging entitlement to a decedent's retirement funds. The defendants removed the case to Federal Court alleging that the recovery that the plaintiff sought was within the scope of ERISA. The plaintiff in Carr, filed a motion of remand similar to Aken, and argued that her complaint made "no reference to ERISA or its provisions." Id. at *2. However, this Court in Carr ruled that, "the crux of the plaintiff's claim is that she is entitled to the benefits of an ERISA-governed plan [and] state law claims which seek such relief are completely preempted by ERISA, regardless of how they are pleaded." Id. at *3, *4.

Similarly, I find that the crux of Aken's complaint is based on an ERISA-governed plan.[2] Aken's recovery of additional benefits

---

[2] Aken also argues in her complaint that this case cannot be removed to Federal Court because the well-pleaded complaint rule prevents its removal. However, an exception to the well-pleaded complaint rule is created "when a federal statute wholly displaces the state-law cause of action through complete pre-emption" of a specific area of law. See Aetna Health Inc., 542 U.S. at 207.

arises out of her participation in the RIGP which is an ERISA-governed pension plan. I conclude that Aken's common law claim of negligent misrepresentation is completely pre-empted by ERISA. Further, this case presents a federal question and was correctly removed to Federal Court.

## **CONCLUSION**

For the reasons set forth above, Aken's motion to remand for lack of subject matter jurisdiction is denied.

ALL OF THE ABOVE IS SO ORDERED.

  s/Michael A. Telesca  
MICHAEL A. TELESCA  
United States District Judge

Dated:    Rochester, New York
          July 18, 2007